IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CORDELL ST. JULIEN | § | C.A. NO. _____ |
| | § | |
| VS. | § | |
| | § | |
| HORNBECK OFFSHORE SERVICES, | § | |
| LLC; HORNBECK OFFSHORE | § | |
| OPERATORS, LLC; BP AMERICA | § | |
| PRODUCTION COMPANY; | § | |
| BP EXPLORATION & PRODUCTION, | § | |
| INC.; and BP AMERICA, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Cordell St. Julien ("Plaintiff" and/or "St. Julien"), complaining of Defendants Hornbeck Offshore Services, LLC and Hornbeck Offshore Operators, LLC (collectively "Hornbeck"), BP America Production Company, BP Exploration & Production, Inc., and BP America, Inc. (collectively "BP"), and, for cause of action, would respectfully show unto this Honorable Court the following:

### I. PARTIES

1.1   Plaintiff Cordell St. Julien, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Hornbeck Offshore Services, LLC, is a Delaware limited liability company with is principal place of business in Louisiana, doing business in

the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1.3	Defendant Hornbeck Offshore Operators, LLC, is a Delaware limited liability company with a principal place of business in the Southern District of Texas, doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

1.4	Defendant BP America Production Company, is a Delaware corporation with its principal place of business in the Southern District of Texas, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

1.5	Defendant BP Exploration & Production, Inc., is a Delaware corporation with its principal place of business in the Southern District of Texas, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be

served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

1.6    Defendant BP America, Inc., is a Delaware corporation with its principal place of business in the Southern District of Texas, doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## II.  JURISDICTION

2.1    The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, the Jones Act now codified at 46 U.S.C. § 30104, and also under other applicable laws, including the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C.A. § 1301, *et seq*.

## III.  VENUE

3.1    Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS

4.1    On or about February 18, 2013, Plaintiff was technically employed by Global Offshore Resources, LLC, and assigned to work on the offshore supply vessel

*HOS Ridgewind,* a vessel owned and operated by Hornbeck. At all material times hereto, although Plaintiff was technically employed by Global Offshore Resources, LLC, he was borrowed by Hornbeck, and working as a member of the crew of the *HOS Ridgewind*, and therefore should be considered a Jones Act seaman. Plaintiff was injured while removing rigging from a large pipe-like structure on the deck of the *HOS Ridgewind.* At the time of his injury, the sea conditions were too rough for the assigned work to be performed safely, and operations should have been shut down until the seas subsided. Water was washing onto the deck of the vessel, creating unreasonably dangerous slick conditions, that caused Plaintiff to slip and fall, sustaining serious disabling personal injuries.

4.2. Hornbeck and BP were in complete control of the operations on the *HOS Ridgewind,* and directed Plaintiff's work at the time of his injury. The decision to continue the work in progress, and not stop the job due to the weather conditions, was Defendants' collective decision.

## V.  NEGLIGENCE

5.1 The acts and omissions of the Defendants on the occasion in question breached the applicable standard of care, and constitute negligence and/or gross negligence. Plaintiff's injuries and damages were caused, in whole or in part, by the

negligence and/or gross negligence of Defendants, their agents, servants and/or employees, which included, but is not limited to the following:

- (a) failing to stop work on the deck of the *HOS Ridgewind,* when it was readily apparent that the sea conditions were too rough for the assigned work to be performed safely;

- (b) failing to take reasonable precautions for Plaintiff's safety;

- (c) failing to provide Plaintiff with a reasonably safe place to work;

- (d) failing to properly train, supervise, and/or inform Plaintiff of the proper safety procedures to be followed at the time of his injury;

- (e) failing to conduct a proper job safety analysis before the task undertaken by Plaintiff; and/or

- (f) other acts and/or omissions of negligence to be identified following discovery, and to be shown at trial herein.

5.2     Punitive damages may be imposed for conduct which manifests reckless or callous disregard for the rights of others, or for conduct which shows gross negligence or actual malice or criminal indifference. Defendants' conduct rises to the level of gross negligence. Defendants had previously stopped the job days before Plaintiff's injury due to similar adverse weather conditions. Defendants therefore had actual knowledge at the time of Plaintiff's injury of the dangers of working in unsafe weather conditions, but disregarded such dangers. Accordingly punitive damages should be imposed against Defendants.

## VI.  UNSEAWORTHINESS

6.1  Hornbeck had an absolute duty to provide Plaintiff with a vessel, including her equipment and crew, which was reasonably fit and safe for the purposes for which it is to be used.  An unsafe method of work may render a vessel unseaworthy. Hornbeck's unsafe method of conducting rigging operations in high seas, while water was washing onto the deck of the vessel, rendered the vessel unseaworthy, and was the proximate and producing cause of Plaintiff's injuries and resultant damages.

## VII.  DAMAGES

7.1  As a result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel, Plaintiff sustained severe bodily injuries, which have caused him to suffer physical pain and suffering and mental anguish that, in reasonable medical probability, will continue for the balance of his natural life.

7.2  As a result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel, Plaintiff has sustained a loss of wages in the past and a loss of the capacity to work and earn money in the future.  In all reasonable probability, his earning capacity has been permanently impaired.

7.3     As a result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel, Plaintiff has incurred the usual and customary, reasonable and necessary medical expenses for treatment of his injuries in the past and, in all reasonable probability, will incur usual and customary, reasonable and necessary medical expenses in the future.

7.4     As a result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel, Plaintiff has suffered physical impairment in the past and in all reasonable medical probability, said physical impairment is permanent. If said physical impairment is not permanent, in all reasonable medical probability, Plaintiff will continue to suffer physical impairment in the future, for an indefinite period of time.

7.5     As a result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel, Plaintiff has lost the ability to perform household services and, in all reasonable probability, this loss is permanent. If said loss of the ability to perform household services is not permanent, in all reasonable medical probability, Plaintiff will continue to suffer said loss in the future, for an indefinite period of time.

7.6     Should Plaintiff require surgical intervention for any of his injuries made the basis of this lawsuit, he will suffer disfigurement.

7.7   Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated, exacerbated or accelerated as a proximate result of the occurrence made the basis of this action, the negligence on the part of Defendants, and/or the unseaworthiness of Hornbeck's vessel.

## VIII.  JURY DEMAND

8.1   Plaintiff demands a trial by jury herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, jointly and severally, for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marc Evan Kutner*
Marc Evan Kutner
SBN 11770575 / SDTX 6238
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656
Email:        mkutner@spaglaw.com

**OF COUNSEL**:

SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

ATTORNEYS FOR PLAINTIFF